# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | | |
|---|---|---|
| VINCENT M. RINALDI, | ) | |
| CHARLES R. MUNSEY, JR., and | ) | |
| CHARLES VIOLI, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| BREVARD COUNTY, a political subdivision | ) | |
| of the State of Florida, | ) | |
| | ) | |
|    Defendant. | ) | |
| _____ | ) | |

## VERIFIED COMPLAINT
### Injunctive and Declaratory Relief Requested, and Damages

Plaintiffs Vincent M. Rinaldi, Charles R. Munsey, Jr., and Charles Violi sue

Brevard County for injunctive and declaratory relief, and damages, and allege as

follows:

## INTRODUCTION

1.       Under Brevard County Ordinance §74-102(b) (the Ordinance), which

was enacted in 2006, registered sexual offenders are not permitted to "enter into or

remain within the 1,000-foot buffer zone surrounding any school, daycare center,

park or playground."  A violation of the Ordinance is punishable by a jail sentence

and a fine.  The Brevard County Commission, the County's governing body with

the legal authority to enact ordinances, conducts its public meetings only in-person at the County Government Center located in Viera, Florida—there is no way for the public to attend and address the Commission remotely, even during the COVID pandemic.  But the County Government Center is located within 1,000 feet of a school.  As a result, registered sexual offenders are not permitted to attend County Commission meetings.

2.      On July 21 and August 25, 2020, the Brevard County Commission held public hearings and passed §74-102.5 (the Amendment), a provision that expanded the Ordinance so that it applied to certain private businesses.

3.      Plaintiffs, property owners and residents of Brevard County who are registered sexual offenders, wanted to attend the hearings to speak against the Amendment, but did not because the Government Center, where the meetings were held, would place them within 1,000 feet of a school and they feared being arrested and prosecuted for a violation of the Ordinance.

4.      Still, today, Plaintiffs cannot set foot in the Brevard County Government Center to exercise their right to address their government at a Brevard County Commission meeting about *any* issue for fear that they will be subject to arrest.  Plaintiffs have been stripped of their right to speak to their elected representatives at a public hearing.

-2-

5.     The Ordinance, as applied to Plaintiffs, violates their rights under the First Amendment to free speech and to petition for a redress of grievances.

6.     Plaintiffs have suffered past harm for the loss of their constitutional rights and want to be able to speak at future public hearing before the County Commission—just like any other member of the public.  Plaintiffs thus sue Brevard County in Counts I and II for injunctive and declaratory relief and damages, alleging that the application of the Ordinance violates their rights under the First Amendment to the United States Constitution.

7.     Plaintiffs also sue Defendant Brevard County in Counts III and IV for a violation of Florida's "Government in the Sunshine Law," Florida Statutes, Ch. 286.  The County Commission meetings held on July 21 and on August 25, 2020, wherein the Commission held public hearings and enacted the Amendment violated Fla. Stat. § 286.011(1) & (6) because the Commission meetings, which were required to be "open to the public at all times," were held "in such a manner as to unreasonably restrict public access" to a public meeting (Count III).  The County also violated Fla. Stat. § 286.0114(2) because Plaintiffs, as members of the public, were denied "a reasonable opportunity to be heard on a proposition before a board or commission" (Count IV).

8.     The actions of the Brevard County Commission which resulted in the exclusion of the Plaintiffs and the denial of their right to be heard before the County Commission amounted to irreparable public injury, and Plaintiffs thus seek declaratory and injunctive relief pursuant to Fla. Stat. § 286.011(1), § 286.011(2), and § 286.0114(6).

## JURISDICTION AND VENUE

9.     This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S. C. §1983, and under Florida Statutes, Ch. 286.

10.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. §1367.  The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

11.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the events giving rise to the claims occurred in this judicial district.

## PARTIES

12.     Plaintiff Vincent M. Rinaldi is a citizen of the United States and a resident of Brevard County.  Mr. Rinaldi works as a financial advisor and acts as a personal care attendant to his longtime partner who uses a wheelchair.  He has two

children and three grandchildren.  Mr. Rinaldi owns a home in Palm Bay, Florida, and is active in civic affairs in Brevard County.  Mr. Rinaldi is a sexual offender as defined by Fla. Stat. § 944.606(1) and is required to register with Florida state and local officials.  He has completed all aspects of the sentence for the offense he committed and is not currently on probation, parole, or any form of court supervision.  Mr. Rinaldi wanted to attend the public hearings on July 21 and August 25, 2020, to speak against the proposed amendment but did not because he feared being arrested and prosecuted for a violation of the Ordinance.  He would also like to be able to speak at future Commission meetings about any topic, just like any other member of the public.

13.     Plaintiff Charles R. Munsey, Jr., is a citizen of the United States and a resident of Brevard County.  Mr. Munsey, Jr., is a graduate of the U.S. Naval Academy who served in the United States Navy for nearly thirty years and achieved the rank of Captain.  Upon retirement from the Navy, he started a successful woodworking company.  Mr. Munsey, Jr., owns a home in Cocoa, Florida, and is active in his church and numerous charitable and civic organizations in Brevard County.  He has three children and four grandchildren.  Mr. Munsey, Jr., is a sexual offender as defined by Fla. Stat. § 944.606(1) and is required to register with Florida state and local officials.  He has completed all aspects of the sentence for the

offense he committed and is not currently on probation, parole, or any form of court supervision.   Mr. Munsey, Jr., wanted to attend the public hearings on July 21 and August 25, 2020, to speak against the proposed amendment but did not because he feared being arrested and prosecuted for a violation of the Ordinance. He would also like to speak at future Commission meetings about any topic, just like any member of the public.

14.     Charles Violi is a citizen of the United States and a resident of Brevard County.  Mr. Violi is a veteran who served in the United States Army for six years and was honorably discharged.  He worked for many years for Goodyear and in the hospitality industry and is currently retired.  Mr. Violi owns a home in Melbourne, Florida, and is active in civic affairs in Brevard County.  Mr. Violi is a sexual offender as defined by Fla. Stat. § 944.606(1) and is required to register with Florida state and local officials.  He has completed all aspects of the sentence for the offense he committed.  He was terminated early from the probationary period of his sentence and is not currently on probation, parole, or any form of court supervision.   He wanted to attend the public hearings on July 21 and August 25, 2020, to speak against the proposed amendment but did not because he feared being arrested and prosecuted for a violation of the Ordinance.   Mr. Violi would also

like to speak at future Commission meetings about any topic, just like any other member of the public.

15.     Defendant Brevard County is a political subdivision organized under the laws of the State of Florida.  The County is sued based on the acts of its officials, agents, and employees.  At all relevant times, the County and its officials, agents, and employees were acting under color of state law.

## STATEMENT OF FACTS

### A. Brevard County Ordinance §74-102: Restrictions on Sexual Offenders

16.     In 2006, the Brevard County Commission enacted an ordinance to impose certain restrictions on registered sexual offenders and predators in Brevard County.   Like ordinances in many Florida counties, the Ordinance imposes restrictions on where sexual offenders and predators can reside.   §74-102(a). However, unlike most Florida counties, the Ordinance also imposes restrictions on where sexual offenders may "enter into and remain."   §74-102(b).   This latter prohibition is commonly referred to as a "proximity restriction."

17.     Specifically, the proximity restriction in §74-102(b) states as follows:

*(b) Restriction of certain activities of sexual offenders and sexual predators.* No sexual offender or sexual predator shall enter into or remain within the 1,000-foot buffer zone surrounding any school, daycare center, park or playground except to:

   (1)  Attend a scheduled interview or meeting with a social service provider licensed by the state;

(2)  Comply with a request or court order from the judiciary, a correctional facility or a law enforcement entity;

(3)  Attend a scheduled meeting or interview with criminal justice personnel at a criminal justice facility;

(4)  Attend a bona fide educational institution as a registered student;

(5)  Attend a scheduled or emergency health care visit with a licensed physician;

(6)  As a result of fulfilling legally allowable duties imposed by gainful employment;

(7)  Transport children within their legal custody to and from school or daycare without any undue delay or loitering on premises;

(8)  Seek refuge in a public shelter that has been officially designated by the county or any municipality to house sexual offenders or sexual predators during times of impending natural disasters or acts of terrorism;

(9)  Attend a scheduled legal consultation meeting with an attorney who is recognized as a licensed member of the Bar of the state;

(10)  Attend a church service or function;

(11)  Vote at a designated polling place within his or her district;

(12) If the sexual offender or sexual predator is the parent or guardian of a person under 18 years of age, provided the sexual offender or sexual predator has declared his or her status as a sexual offender or sexual predator prior to entering the school property and has either scheduled a set time period to enter upon the property with the principal or designee or immediately notifies the principal or designee upon entering the school property:

(a)  Attend a scheduled conference at school with school personnel to discuss the progress of his or her child academically or socially;

(b)  Participate in scheduled child review conferences in which evaluation and placement decisions may be made or considered with respect to his or her child regarding special education services; or

(c) Attend scheduled conferences to discuss other student issues concerning his or her child such as retention and promotion.

(13) If the sexual offender or sexual predator lawfully resides within 1,000 feet of any school, day care center, park or playground, he or she may enter into or remain within 1,000 feet of such school, day care center, park or playground for the purposes of travel to and from his or her residence, and any other bona fide activity arising from the ordinary maintenance and activities associated with such residence.

18.     A violation of §74-102 is punishable in §74-103 "by a fine not to exceed $500.00 or by imprisonment in the county jail, not to exceed 60 days or by both such fine and imprisonment, or if the offender is supervised by the department of corrections under conditional release, the offender may be charged with a violation of his or her supervision and be returned to state custody."

19.     Violations of the Ordinance are actively prosecuted by law enforcement agencies in Brevard County.  For example, Plaintiff Munsey, Jr., was arrested in 2015 for unknowingly entering a restaurant that was within 1000 feet of a day care center.

**B.  Amendment to the Ordinance:  §74-102.5**

20.     In July of 2020, the Brevard County Commission proposed an amendment to the Ordinance to expand the 1,000-foot buffer zone restriction to include private businesses that self-certify they are a "park" and register with the county's "Business Self-Certification Registry."

21.     The Amendment, §74-102.5, permits a private business to self-certify that it is used for recreational purposes and that it is an area where children regularly congregate such that it falls within the county's definition of "park" in §74-101. Once certified, the business is included in the list of places—school, daycare center, and park or playground—where registered sexual offenders cannot enter or remain.

22.     The Amendment was first introduced at the regular County Commission meeting on July 21, 2020.  The five members of the County Commission discussed the Amendment and heard the public comments of one individual.  That speaker was not a registered sexual offender and he spoke against the Amendment.  He appeared on behalf of his wife, a registered sexual offender who did not attend because she was afraid that if she did, she would be arrested for violating of the Ordinance.  The Commission voted to proceed on the Amendment and to publish notice for a public hearing and a vote.

23.     The day after the July 21 meeting, the President of the Florida Action Committee (FAC), a non-profit advocacy and support organization for people on the sexual offender registries and their families, sent a letter by email to each of the five county commissioners.  The letter explained that many FAC members who are registered sexual offenders would have attended the July 21 meeting but did not because under the Ordinance, the meeting took place within an exclusion zone that

prevented them from legally entering the building.  None of the commissioners responded to the letter.

### C.  Brevard County Commission Meeting, August 25, 2020

24.     Subsequently, the Amendment was set on the agenda for the August 25, 2020, County Commission meeting to be held at the County Government Center in Viera, Florida, the location where the Commission regularly holds its public meetings and hearings.

25.     The FAC notified its members that the County was considering an amendment to the Ordnance and encouraged all people—registered and unregistered—to voice their opposition to the Amendment.  Out of caution, the coordinator of the Brevard FAC sent an email to the Brevard County Sherriff's Office to verify whether the location of the County Government Center located at 2775 Judge Fran Jamieson Way, Viera, Florida, 32940, was a place where registered sexual offenders could enter and attend a Brevard County Commission meeting and not be in violation of the Ordinance.

26.     The Sheriff's Office responded in writing on July 23, 2020, stating that the Government Center was less than 700 feet from the properties of Viera High School and Viera Charter School, which would put the location within the 1000-foot buffer zone, and that attendance at a County Commission meeting was not an

exception under the Ordinance.  Therefore, any registered sexual offender who attended the meeting would be in violation of the Ordinance.

27.     Plaintiffs knew that the Government Center was located within 1000 feet of the schools and chose not to attend the August 25 public hearing because they feared being arrested under the Ordinance.

28.      Three years before, Plaintiff Munsey, Jr., had written the County Commission expressing his belief that it was unfair that he could not attend a County Commission meeting to speak against a special fire fee assessment because he could be arrested if entered the Government Center.

29.     Prior to the August 25 meeting, Plaintiff Rinaldi contacted the office of county commissioner John Tobia to set an in-person meeting in advance of the commission meeting to express his opposition to the Amendment.   Because Commissioner Tobia's office is in the Government Center building, Plaintiff Rinaldi proposed to meet Commissioner Tobia at any location outside the Government Center that was convenient for the commissioner.  Commissioner Tobia refused to meet in-person but did agree to speak to Plaintiff by phone.

30.     During their brief phone call, Plaintiff Rinaldi told Commissioner Tobia that it was fundamentally unfair that the County could consider and pass a law that directly affected him without affording him the right that others had to speak

publicly and directly to his government's elected officials, and that the Ordinance was being used to silence his voice and others who were required to register as sexual offenders.  Commissioner Tobia made it clear that he supported the passage of the Amendment and that he had no intention of changing the Ordinance.

31.     At the Brevard County Commission meeting held on August 25, 2020, a total of ten people spoke at the public hearing on the Amendment.

32.     The second speaker was a woman who appeared and spoke on behalf her husband, a registered sexual offender who did not appear himself because he feared he would be arrested for violating the Ordinance.  At the conclusion of her remarks, she submitted letters from three other registered sexual offenders who wanted to appear and speak but did not because they feared being arrested for a violation of the Ordinance.

33.      The fifth speaker was a man who appeared and spoke on behalf of his wife, a registered sexual offender.  He read directly from a statement his wife had written and had asked him to read.  The letter began: "I'm unable to attend because the presence of the location of this public meeting would violate Section 74-102, Brevard County of Ordinances and I would be subject for [sic] arrest. For the record, before I begin, the fact that I cannot be here to speak on my own behalf, violates the Florida Governing and Sunshine State Laws, Section 286.011."  In the

letter, she identified herself as a mother, wife, daughter, sister, entrepreneur, student, and teacher who works more than 60 hours a week, and then explained her reasons for opposing the Ordinance.

34.     The sixth speaker was a father who spoke on behalf of his son, a registered sexual offender who wanted his comments to be part of the public record and did not appear himself because he feared he would be arrested for a violation of the Ordinance.

35.     The Commission concluded the public hearing and voted to pass the Amendment.  Brevard County Ordinance §74-102.5 became effective immediately.

36.     Plaintiffs wanted to attend and speak at the public hearing on August 25, 2020, in opposition to Amendment but could not because they feared being arrested and prosecuted for a violation of the Ordinance.

37.     The application of the Ordinance to Plaintiffs denied them their right to speak at a public hearing of the County Commission at the Government Center, a right that was afforded to others, harmed Plaintiffs, denying them fundamental rights protected by the First Amendment and Florida law, and caused them to experience humiliation and emotional distress.

38.     Plaintiffs wish to attend future meetings and hearings at the Brevard County Government Center, but they are not permitted to because of the Ordinance.

39.     In the spring of 2021, Plaintiff Munsey, Jr. wrote to each of the five county commissioners that he wanted to appear and speak before the Brevard County Commission about a proposed tax increase, but he did not because he feared that if entered the Government Center he would be arrested and prosecuted for a violation of the Ordinance.

40.     Brevard County Commission meetings, and other meetings of Brevard County boards and committees, are not made available remotely or by videoconference, even during the COVID pandemic.  They can be viewed in real time via a livestream feed, but a person cannot address or speak to the County officials through the system.  Attending in person is the only way to speak at such meetings.

41.     Consequently, Plaintiffs have suffered and continue to suffer damages and harm for the violation of their constitutional rights under the First Amendment.

## **CLAIMS FOR RELIEF**

## **COUNT I – First Amendment Right to Speech, 42 U.S.C. § 1983**

42.     Plaintiffs incorporate and re-allege all paragraphs preceding the Claims for Relief section and incorporate them by reference herein.

-15-

43.     The application of Brevard County Ordinance §74-102(b) to Plaintiffs has violated and continues to violate their rights to free speech and free expression in violation of the First Amendment to the United States Constitution.

44.     Brevard County Ordinance §74-102(b) is unconstitutional because as applied to Plaintiffs, it is not a reasonable time, place, and manner restriction, in that it is not narrowly tailored to serve a significant governmental interest, and it does not leave open ample alternative channels of communication.  The Ordinance is also unconstitutional because it bars a class of people from a limited public forum.

45.     Because Brevard County has acted and threatened to act to deprive Plaintiffs of their rights guaranteed by the First Amendment to the United States Constitution, Plaintiff sues and seeks relief pursuant to 42. U.S.C. § 1983.

46.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have and will suffer irreparable harm and damages, which will continue absent relief.

47.     As a result, Plaintiffs are entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

## COUNT II– First Amendment Right to Petition for Redress of Grievances, 42 U.S.C. §1983

48.     Plaintiffs incorporate and re-allege all paragraphs preceding the Claims for Relief section and incorporate them by reference herein.

49.     The application of Brevard County Ordinance §74-102(b) to Plaintiffs has violated and continues to violate their rights to petition their government for the redress of grievances in violation of the First Amendment to the United States Constitution.

50.     As applied to Plaintiffs, §74-102(b) targets Plaintiffs as individuals based solely on their status as registered sexual offenders and effectively prohibits them from redressing their grievances at a public meeting of the Brevard County Commission.

51.     Because Brevard County has acted and threatened to act to deprive Plaintiffs of their rights guaranteed by the First Amendment to the United States Constitution, Plaintiffs sue and seek relief pursuant to 42. U.S.C. § 1983.

52.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have and will suffer irreparable harm and damages, which will continue absent relief.

53.     As a result, Plaintiffs are entitled to preliminary and permanent injunctive relief, a declaratory judgment, and damages.

## COUNT III – Violation of Florida's Sunshine in Government Law, Fla. Stat. § 286.011(1), (6)

54.     Plaintiffs incorporate and re-allege all paragraphs preceding the Claims for Relief section and incorporate them by reference herein.

55.     The meetings of the Brevard County Commission are public meetings subject to the rules and requirements of Chapter 286 of the Florida Statutes.

56.     The Brevard County Commission meetings held on July 21 and on August 25, 2020, wherein the Commission held public hearings and enacted the Amendment, County Ordinance §74-102.5, into law, violated Fla. Stat. § 286.011(1) & (6) because by prohibiting registered sexual offenders and predators from attending the meetings which were required to be "open to the public at all times," Defendant Brevard County operated "in such a manner as to unreasonably restrict public access" to a public meeting.

57.     Plaintiffs, by virtue of their status as registered sexual offenders, could not—and did not—enter the Government Center because they feared being arrested and prosecuted for a violation of the Ordinance.

58.     By holding the meetings at the Government Center in Viera, Defendant Brevard County unreasonably restricted access to Plaintiffs, as registered sexual offenders, and effectively barred them from attending and speaking at the public meeting wherein the Amendment was enacted.

59.     The actions of the Brevard County Commission which restricted access and resulted in the exclusion of the Plaintiffs before the County Commission at the July 21 and August 25, 2020, meetings, wherein the Commission enacted the

Amendment, amounted to irreparable public injury and Plaintiffs thus seek declaratory and injunctive relief pursuant to Fla. Stat. § 286.011(1) and (2).

## COUNT IV – Violation of Florida's Sunshine in Government Law, Fla. Stat. § 286.0114(2)

60.     Plaintiffs incorporate and re-allege all paragraphs preceding the Claims for Relief section and incorporate them by reference herein.

61.     The meetings of the Brevard County Commission are public meetings subject to the rules and requirements of Chapter 286 of the Florida Statutes.

62.     The County Commission meetings held on July 21 and on August 25, 2020, wherein the Commission held public hearings and heard public comments, violated Fla. Stat. § 286.0114(2) because by prohibiting registered sexual offenders and predators from attending the meetings, Defendant denied Plaintiffs a reasonable opportunity to be heard on a proposition before a board or commission.

63.     Plaintiffs, by virtue of their status as registered sexual offenders, could not—and did not—enter the Government Center and address the County Commission because they feared being arrested and prosecuted for a violation of the Ordinance.

64.     Defendant Brevard County's effective exclusion of Plaintiffs from speaking at the public hearing violated Fla. Stat. § 286.0114(2) because Plaintiffs,

as members of the public, were denied "a reasonable opportunity to be heard on a proposition before a board or commission."

65.     Plaintiffs thus seek injunctive relief pursuant to Fla. Stat. § 286.0114 (6).

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs Vincent M. Rinaldi, Charles R. Munsey, Jr., and Charles Violi, demand judgment against Brevard County and request the following relief:

### As to Counts I and II:

A. A declaratory judgment that the application of Brevard County Ordinance §74-102(b) to Plaintiffs, preventing them and all other registered sexual offenders from attending and speaking at public meetings of the Brevard County Commission at the Government Center in Viera, Florida, violates the First Amendment to the United States Constitution;

B. A preliminary and permanent injunction prohibiting Brevard County from applying and enforcing Brevard County Ordinance §74-102(b) in such a manner that prevents Plaintiffs and all other registered sexual offenders from attending and speaking at public meetings of the Brevard County Commission at the Government Center in Viera, Florida;

C. All damages permitted by law, including but not limited to compensatory, nominal, and punitive damages;

D. An award of attorneys' fees and costs pursuant to 42 U.S.C. §1988; and,

E. Any such other relief that may be appropriate.

**As to Counts III and IV**:

F. A declaratory judgment that Defendant Brevard County violated Fla. Stats. § 286.011(1), § 286.011(6), and § 286.0114(2);

G. A declaratory judgment that the actions taken on July 21, 2020, and August 25, 2020, wherein the County Commission passed the Amendment, violated Fla. Stat. §286.011 and are non-binding as a matter of law and that the Amendment, §74-102.5, is void ab initio pursuant to Fla. Stat. § 286.011(1);

H. A preliminary and permanent injunction pursuant to Fla. Stat. § 286.011(2) prohibiting Brevard County from applying and enforcing the Ordinance, §74-102(b), in such a manner that prevents Plaintiffs and all other registered sexual offenders from attending and speaking at the public meetings of the Brevard County Commission at the Government Center in Viera, Florida;

I. A preliminary and permanent injunction pursuant to Fla. Stat. § 286.0114(6) prohibiting Brevard County from applying and enforcing the Ordinance, §74-102(b), in such a manner that prevents Plaintiffs and all other registered sexual offenders from attending and speaking at the public meetings of the Brevard County Commission at the Government Center in Viera, Florida;

J. An award of attorney's fees and costs pursuant to Chapter 286 of the Florida Statutes; and

K. Any such other relief that may be appropriate.

## **<u>Jury Demand</u>**

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,

Dante P. Trevisani
Florida Bar No. 72912
E-mail:
*dtrevisani@FloridaJusticeInstitute.org*
Ray Taseff
Florida Bar No. 352500
E-mail: *rtaseff@FloridaJusticeInstitute.org*
Laurel Petrulionis
Florida Bar No. 1031711
E-mail:
LPetrulionis@FloridaJusticeInstitute.org
Florida Justice Institute, Inc.
PO Box 370747

-22-

Miami, Florida 33137
305-358-2081
305-358-0910 (Fax)

By:   *s/Ray Taseff*
      Ray Taseff

Jessica Travis
Florida Bar No. 76701
Email:  Jessica@DefendBrevard.com
DefendBrevard.com
1370 Bedford Drive, Ste. #104
Melbourne, FL 32940
321-728-7280
321-728-8020 (fax)
Eservice:  eservice1@defendbrevard.com
Eservice:  eservice2@defendbrevard.com


**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

VINCENT M. RINALDI,                                )
CHARLES R. MUNSEY, JR., and         )
CHARLES VIOLI,                                      )
                                                                   )
   Plaintiffs,                                            )
                                                                   )
vs.                                                               )          Case No.
                                                                   )
BREVARD COUNTY, a political             )
subdivision  of the State of Florida,       )
                                                                   )
   Defendant.                                         )
_____)

## **DECLARATION OF VINCENT M. RINALDI**

     I, Vincent M. Rinaldi, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

     My name is Vincent M. Rinaldi. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

     I understand that a false statement in this declaration will subject me to penalties for perjury.

     I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Vincent M. Rinaldi*                              Date: December 6, 2021
Vincent M. Rinaldi

-24-

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

VINCENT M. RINALDI,                     )
CHARLES R. MUNSEY, JR., and             )
CHARLES VIOLI,                          )
                                        )
   Plaintiffs,                        )
                                        )
vs.                                     )        Case No.
                                        )
BREVARD COUNTY, a political             )
Subdivision of the State of Florida,    )
                                        )
    Defendant.                      )
_____)

## DECLARATION OF CHARLES R. MUNSEY, JR.

     I, Charles R. Munsey, Jr., make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

     My name is Charles R. Munsey, Jr. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

     I understand that a false statement in this declaration will subject me to penalties for perjury.

     I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Charles R. Munsey Jr.*          Date: December 6, 2021
Charles R. Munsey, Jr.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

VINCENT M. RINALDI,                          )
CHARLES R. MUNSEY, JR., and                  )
CHARLES VIOLI,                               )
                                             )
   Plaintiffs,                                )
                                             )
vs.                                          )          Case No.
                                             )
BREVARD COUNTY, a political                  )
Subdivision of the State of Florida,         )
                                             )
   Defendant.                                 )
_____)


## DECLARATION OF CHARLES VIOLI

     I, Charles Violi, make this Declaration Under Penalty of Perjury, and declare that the statements below are true, and state:

     My name is Charles Violi. I have reviewed the Verified Complaint above, and state that the facts which pertain to me are true and accurate to the best of my knowledge and belief.

     I understand that a false statement in this declaration will subject me to penalties for perjury.

     I declare under penalty of perjury that the foregoing is true and correct.


*/s/ Charles Violi*                          Date: December 6, 2021
Charles Viol

-26-